IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Delilah Stewart | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Capital One Auto Finance | ) | |
| 7933 Preston Road | ) | |
| Plano, TX 75024 | ) | |
| Defendant | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now come Plaintiffs, by and through her attorney, and, for his Complaint alleges as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (herein referred to as the "TCPA")

### I. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. Section 1331

3. Venue is proper in this district under 28 U.S.C. Section 1391(b) in that the Defendant transacts business in the Northern District of Illinois and the conduct complained of occurred in Northern District of Illinois.

### II. PARTIES

4. Plaintiff, Delilah Stewart, are natural people residing in County of Cook and State of Illinois.

5. Defendant, Capital One Auto Finance, is a foreign business corporation organized under the laws of Nevada business in the State of Illinois.
6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equiptment" as defined by the TCPA, 47 U.S.C. Section 153(14), that originated, routed, and/or terminated telecommunications.
7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. Section 153(39).
8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.
9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. Section 153(28).
10. That Defendant, at all times relevant herein, engaged in "telecommunications" as that term is defined by the TCPA, 47 U.S.C. Section 153(50).
11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. Section 153(52), that existed as instrumentalities of interstate and intrastate commerce.
12. That Defendant, at all times relevant herein, used, controlled and/or operated "automatic telephone dialining systems" as defined by the TCPA, 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200(f)(1).
13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual and apparent authority.
14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

### III. FACTUAL ALLEGATIONS

15. Plaintiff, Delilah Stewart, incurred a debt with Defendant for a credit card. Said student loan will be referred to as "the subject debt" in this complaint.
16. Plaintiff thereafter allegly defaulted on the subject debt.
17. On or about March 18, 2016, Defendant called Plaintiff to collect on the debt.
18. On said phone call, Plaintiff made very clear that she had hired an Attorney and stated clealy that Defendant is not to call her again.
19. She made extremely clear in the phone call that they were revoking the consent for Defendant to make auto dialed calls to Plaintiff.
20. In fact, Defendant would go on to make approximately five more automatic calls to Plaintiffs, despite the revocation of consent.
21. All of the above-mentioned telephone calls were made using an automatic dialing machine wherein Defendant left artificial and/or prerecorded voiced messages.
22. As a result of foregoing, Plaintiff became nervous, upset, and suffered from emotional distress.

## IV. COUNT ONE

23. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.
24. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C. Section 227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C. 227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent to make such calls and leave such messages.
25. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully,

intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiffs to pay the alleged debtor and to harass him.

26. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R. Section 64.1200(f)(2).

28. As a causally-direct and legally proximate result of the above violations of the TCPA, THE Defendnant at all times material and relavent hereto, as described in this complaint, casued the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs, and abused Plaintiffs, and disturbed her peace and tranquility at home and elsewhere.

29. As a causally-direct and legally proximate result of the above violations of the TCPA, THE Defendnant at all times material and relavent hereto, as described in this complaint, caused the Plaintiffs to sustain damages and experience severe emotional distress.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, THE Defendnant at all times material and relavent hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

31. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C. Section 227(d)(3)(B).

32. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to maximum of treble damages pursuant to the TCPA, 47 U.S.C. Section 227(d)(3).

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Acutal damages;

    (2) Statutory damages pursuant to 47 U.S.C. Section227(b)(3).

    (3) Treble damages pursunt to 47 U.S.C. Section227(d)(3);

    (4) For such other and further relief as my be just and proper.

April 22, 2016

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff